FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES SODA, DONNA SODA and ROSS
SCIANNA,

    Plaintiffs,

v.                                                          CASE NO. 8:02-CV-554-T-23mAP

TODD KENNEDY, KEITH ANDERSON and
UBS PAINEWEBBER, INC.

    Defendants.
_____/

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW the Plaintiffs, JAMES SODA, DONNA SODA and ROSS SCIANNA, by and through their undersigned attorneys, WILLIAM T. KIRTLEY, P.A. and CARL J. ROBIE, III Attorney and Counselor at Law and as their complaint against Defendants TODD KENNEDY, KEITH ANDERSON and UBS PAINEWEBBER, INC., state as follows:

### PARTIES, JURISDICTION and VENUE

1.    This is an action for money damages in excess of $75,000.

2.    Plaintiffs JAMES SODA and DONNA SODA are husband and wife and are citizens of the State of Florida. ROSS SCIANNA is presently a resident of Ohio and Florida. He owns a business in Florida and, as a result, spends considerable time in Florida. With respect to the times material to the claims asserted in this Complaint, a number of the

1

incidents occurred in the State of Florida as to all of the Plaintiffs, as well as in the State of Ohio.

3. TODD KENNEDY and KEITH ANDERSON were formerly associated persons/registered representatives of a securities broker-dealer known as J. C. BRADFORD. The business and operations of J. C. BRADFORD have been acquired by Defendant UBS PAINEWEBBER, INC. Defendants TODD KENNEDY and KEITH ANDERSON are now associated persons/registered representatives of Defendant UBS PAINEWEBBER, INC.

4. Plaintiffs JAMES and DONNA SODA are referred to in this Complaint collectively as the "Sodas". Plaintiff ROSS SCIANNA is referred to in this Complaint as "Scianna". The SODAS and SCIANNA are sometimes referred to collectively in this Complaint as the "Plaintiffs". Defendant TODD KENNEDY is referred to in this Complaint as "Kennedy", Defendant KEITH ANDERSON is referred to in this Complaint as "Anderson" and Defendant UBS PAINEWEBBER, INC. is referred to in this Complaint as "PaineWebber". Kennedy, Anderson and PaineWebber are sometimes collectively referred to in this Complaint as the "Defendants".

5. During all times material to the allegations set forth in this Complaint, Kennedy and Anderson were associated persons/registered representatives of PaineWebber and its predecessor, J. C. BRADFORD. Kennedy and Anderson conducted their securities business from the Atlanta, Georgia office of J. C. BRADFORD and continued to do so as associated persons/registered representatives of PaineWebber.

6. PaineWebber is a securities broker-dealer registered as such pursuant to the provisions of the Securities Exchange Act of 1934, as amended (15 USC 78a et seq) and is

also a member of the National Association of Securities Dealers, Inc. (the "NASD"). PaineWebber conducts its securities business from a nationwide network of offices, including offices located in Florida and Ohio and the referenced office of PaineWebber located in Atlanta, Georgia. PaineWebber is registered as a securities broker-dealer pursuant to the Ohio Securities Act and the Florida Securities and Investor Protection Act, Chapter 517, Florida Statutes, as amended. On the basis of information and belief, Plaintiffs allege that Kennedy and Anderson are registered as associated persons/registered representatives of PaineWebber under the referenced Ohio and Florida statutes and are citizens of Georgia. PaineWebber is a citizen of the State of New York where its home office is located.

7. This Court has jurisdiction over the claims for relief prayed for herein by the Plaintiffs pursuant to the Securities Exchange Act of 1934, as amended, cited above, the existence of a Federal question and by virtue of 28 USC 1332 (relating to diversity of citizenship). This Court has jurisdiction over the claims brought under Florida and Ohio state law by virtue of the doctrine of pendent jurisdiction in that such claims arise from a common nucleus of operative facts that are so intertwined with substantial significant violations of the Federal law cited herein as to make the exercise of jurisdiction by this Court appropriate, efficient, economically sound and practical. Accordingly, this Court is vested with jurisdiction by virtue of the provisions of the Securities Exchange Act of 1934, as amended, above cited, the existence of a Federal question, a jurisdictional amount in controversy in excess of $75,000 and diversity of citizenship by virtue of the corporate citizenship of PaineWebber and the citizenships of the Plaintiffs and Kennedy and Anderson.

8. Venue of this action is proper in this District pursuant to 15 USC 78aa in that the activities of the Defendants were within the flow of and substantially affected interstate commerce and their unlawful acts and violations complained of herein were substantially conceived, carried out and made effective as to the Plaintiffs herein within the Middle District of Florida.

## GENERAL ALLEGATIONS

9. The Sodas and Scianna are bringing this action in common and by virtue of the filing of this single Complaint against the Defendants. Such is appropriate in that all of the operative facts which are the basis of the allegations supporting the claims asserted herein are common to the Sodas and Scianna.

10. The allegations set forth herein and the claims made and the relief sought by the Plaintiffs with respect to such claims relate to a course of conduct on the part of the Defendants (as subsequently described and alleged in this Complaint) which involved:

   A. Recommendations made to the Plaintiffs during the earlier part of the material times to this Complaint to purchase on more than one occasion the common stock of a corporate entity known as Clarus Corp. The common stock of Clarus Corp. is traded pursuant to the NASDAQ National Market System.

   B. In making such recommendations to purchase, the Defendants, as manifested by the acts of Kennedy and Anderson, indicated to the Plaintiffs that Clarus Corp. was experiencing meaningful business and sales growth which would have a very favorable impact on its net income and its earnings per share over the near and mid-term period.

C. Acting upon such recommendations, the Plaintiffs purchased an approximate aggregate 12,000 shares of Clarus Corp. common stock and, as subsequently alleged herein, retained substantially all of such shares of common stock acquired based upon the recommendations, representations and insistence of Kennedy and Anderson. This conduct on the part of Kennedy and Anderson was unlawful and constituted violations of the provisions of the Securities Exchange Act of 1934, as amended, including, without limitation, Section 10(b) thereof and the antifraud provisions of the Ohio Securities Act and the Florida Securities and Investor Protection Act as cited earlier in this Complaint.

D. As a result of the recommendations, representations and insistence made by Kennedy and Anderson, all of which were misrepresentations of material information and constituted acts of omission with respect to material information relating to Clarus Corp. and the price of its common stock, the Plaintiffs have suffered substantial losses.

11. During the period October and November of 1999, the Plaintiffs had initial contact with Kennedy. The Plaintiffs became aware of Kennedy as a result of a recommendation made to them by friends. Kennedy, as indicated earlier in this Complaint, was at all times material to the allegations made in this Complaint, an associated person/ registered representative of PaineWebber in the Atlanta, Georgia office of PaineWebber. Anderson, also an associated person/registered representative of PaineWebber and previously J. D. BRADFORD, acted with Kennedy in the commission of the acts alleged herein as such related to the ownership of the common stock of Clarus Corp. by the

5

Plaintiffs. During the numerous telephone communications between the Defendants and the Plaintiffs, Anderson would speak to the Plaintiffs when Kennedy was unavailable. The conduct attributed to Kennedy, as alleged in this Complaint, is also attributable to Anderson.

12. After their initial contact with Kennedy, Kennedy strongly recommended to the Plaintiffs that they acquire a significant number of shares of Clarus Corp. because of the significant increases in the business of Clarus Corp. which Kennedy represented were occurring and the favorable impact that such increases in the business of Clarus Corp. would have on the earnings of Clarus Corp., earnings per share and the market price of the common stock of Clarus Corp. Kennedy represented to the Plaintiffs that, as a result of these factors, the market price for the common stock of Clarus Corp. should dramatically increase over a relatively short period of time. The Plaintiffs acted upon such recommendations of Kennedy and acquired an aggregate 12,000 shares of the common stock of Clarus Corp.

13. After such acquisition, the market price of the common stock of Clarus Corp. did, in fact, increase and based upon additional recommendations of Kennedy, the Plaintiffs acquired additional shares of the common stock of Clarus Corp. with a view to realizing appreciation as a result of such purchases.

14. During the period that the shares of common Stock of Clarus Corp. were initially acquired and the period when additional shares of common stock of Clarus Corp. were acquired, Kennedy and/or Anderson would be in continual communication with some or all of the Plaintiffs, always with a favorable report or information concerning the business operations of Clarus Corp. Kennedy and/or Anderson in such communications would

describe business activities attributed to Clarus Corp. which involved significant transactions which would benefit Clarus Corp. in a substantial way, that Clarus Corp. was a leader in "B to B e-commerce" and had been chosen by Microsoft and Cisco to develop and provide procurement software and that other "things are happening".

15. The Plaintiffs had no reason to suspect that the representations being provided to them by Kennedy and Anderson with respect to Clarus Corp. and the market performance of its common stock were untrue in any material respect. In providing such information to the Plaintiffs, which acted as an inducement to the Plaintiffs to acquire and hold the common stock of Clarus Corp., Kennedy and Anderson would indicate that they were in close, continuous communication with the top executive officers of Clarus Corp. Clarus Corp. maintained its corporate headquarters in Atlanta, Georgia during all times material to the allegations made in this Complaint.

16. In the first calendar quarter of 2000, the Plaintiffs determined that it was appropriate that some or all of the common stock of Clarus Corp. then held by the Plaintiffs be sold and on more than one occasion the Plaintiffs indicated to Kennedy that they desired to sell a substantial part or all of their holdings of common stock of Clarus Corp. On each occasion where the Plaintiffs expressed such desire to Kennedy and/or Anderson, Kennedy and/or Anderson stridently resisted any suggestion that the Plaintiffs sell any of their holdings of the common stock of Clarus Corp. and recommended that the Plaintiffs continue to hold all of their common stock of Clarus Corp. In support of his position, Kennedy and Anderson would again cite and refer to extremely important, positive developments which were under way and which would continue to favorably impact the market price of the

common stock of Clarus Corp. On many occasions Kennedy and Anderson indicated to the Plaintiffs that if they sold their common stock of Clarus Corp. "they would be sorry."

17. Placing trust in the recommendations made to them by Kennedy, the Plaintiffs did not sell any significant portion of their common stock of Clarus Corp. and continued to hold same.

18. The recommendations to hold the common stock of Clarus Corp. were made to the Plaintiffs by Kennedy and Anderson while the Plaintiffs were in Florida or in Ohio.

19. The market price of the common stock of Clarus Corp. started to significantly deteriorate the week of April 4, 2000 and again, the Plaintiffs made inquiry to Kennedy and Anderson as to whether their common stock of Clarus Corp. should be sold. Kennedy and Anderson again strongly recommended that they continue their holdings of the common stock of Clarus Corp. because of the continuing bright outlook for the business of Clarus Corp. and the market price of its common stock.

20. The market price of the common stock of Clarus Corp. continued to significantly deteriorate and finally during the last nine months of 2000, the Plaintiffs determined or were forced to liquidate all or substantially all of their holdings of the common stock of Clarus Corp. and did so. The Sodas have not completed their liquidation activity. As a result of the continued holding of such common stock of Clarus Corp. based on the recommendations of Kennedy and Anderson, the Plaintiffs have suffered significant losses as subsequently alleged herein and the cause of such losses is the conduct of Kennedy and Anderson.

21. During the time that Kennedy and Anderson were making the strong recommendations to hold the common stock of Clarus Corp. to the Plaintiffs, Clarus Corp.,

in fact, was experiencing serious financial difficulties which included the fact that Clarus Corp. had materially misstated its financial condition and results of operations during calendar year 2000 and that the assets of Clarus Corp. included a significant accounts receivable owed to it by a single customer, which account receivable constituted 20% of the aggregate accounts receivable of Clarus Corp. Such significant accounts receivable was potentially uncollectible. Also, Clarus Corp., at the conclusion of calendar year 2000, reported a loss substantially greater and in contravention of the results expected in the marketplace. Such loss was primarily the result of the requirement that Clarus Corp. write off as uncollectible such significant account receivable. These risks were not disclosed by the Defendants to the Plaintiffs at any time.

22. The Defendants were under an obligation to be completely informed relative to the financial circumstances and business of Clarus Corp. The Defendants utterly failed to do so with respect to the Plaintiffs from the standpoint of their recommendation to the Plaintiffs to buy the common stock of Clarus Corp. and particularly in their strident recommendations that the common stock of Clarus Corp. not be sold at the times that the Plaintiffs desired to sell same.

23. PaineWebber and its predecessor, J. C. BRADFORD, was and is required to have in place a comprehensive written supervisory procedure and as a matter of industry practice and law, J. C. BRADFORD and PaineWebber were required to effectively utilize such written supervisory procedure in connection with the required supervision of Kennedy and Anderson. J. C. BRADFORD and PaineWebber wholly failed to exercise any effective supervision over Kennedy and Anderson and had they done so, the conduct of Kennedy and Anderson as alleged in this Complaint would not have occurred and the Plaintiffs would not

have suffered the losses hereinafter indicated. Accordingly, PaineWebber, as the successor entity to J. C. BRADFORD, is liable to the Plaintiffs for the losses which they have sustained as a result of the conduct of Kennedy and Anderson, as alleged herein, as a result of the principal-agent relationship, the doctrine of respondeat superior and in accordance with the provisions of Section 20 of the Securities Exchange Act of 1934, as amended, earlier cited in this Complaint.

24. Privity exists between the Plaintiffs and the Defendants.

25. The representations made by Kennedy and Anderson in connection with their strident recommendations that the Plaintiffs not sell their shares of common stock of Clarus Corp. constituted misrepresentations of material fact and omissions to provide material facts necessary to the Plaintiffs in order for the Plaintiffs to make an informed decision as to whether to retain ownership of the common stock of Clarus Corp.

26. The course of conduct of Kennedy and Anderson was undertaken with intent and carried out by Kennedy and Anderson with a state of mind constituting scienter. PaineWebber and its predecessor, J. C. BRADFORD, which entities benefitted from the conduct of Kennedy and Anderson, acted at least with gross negligence and reckless disregard of the Plaintiffs' welfare in permitting the conduct of Kennedy and Anderson as such related to their "touting" of the common stock of Clarus Corp. and their strident recommendations that such common stock not be sold by the Plaintiffs. Such gross negligence and reckless disregard for the Plaintiffs' welfare on the part of PaineWebber has a causal connection to the losses which have been sustained by the Plaintiffs as indicated in this Complaint.

27. As a result, the Sodas have been damaged at least in the amount of $728,000 and Scianna has been damaged at least in the amount of $431,000.

## COUNT I

## **VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934, AS AMENDED**

28. The Plaintiffs reallege, reaffirm and adopt the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. The Defendants violated the provisions of Section 10(b) of the Securities Exchange Act of 1934, as amended and Rule 10b-5 thereunder by engaging in the foregoing-described fraudulent, manipulative and deceptive practices in connection with the recommendations to the Plaintiffs that they retain ownership of the common stock of Clarus Corp. as earlier alleged in this Complaint.

30. The above damages and losses of the Plaintiffs are the direct and proximate cause of the foregoing-described conduct on the part of the Defendants.

31. PaineWebber and its predecessor, J. C. BRADFORD, had an affirmative, on-going responsibility to exercise effective supervision over Kennedy and Anderson. PaineWebber and its predecessor, J. C. BRADFORD, failed to do so and are accordingly, liable to the Plaintiffs pursuant to the provisions of Section 20 of the Securities Exchange Act of 1934, as amended.

WHEREFORE, the Plaintiffs demand judgment against the Defendants and each of them in such amount as the Court determines fair, reasonable and appropriate, together with interest, costs and such other rights as may be available to the Plaintiffs under the Securities Exchange Act of 1934, as amended.

## COUNT II

## **VIOLATION OF THE FLORIDA SECURITIES AND INVESTOR PROTECTION ACT**

32. The Plaintiffs reallege, reaffirm and adopt the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

33. The Defendants violated the provisions of Chapter 517, Florida Statutes, as amended ("FIPA") by engaging in a course of fraudulent conduct constituted by the making of material misrepresentations of material facts, omissions to state material facts and other devices, schemes and artifices as set forth in this Complaint and which operated as a fraud on the Plaintiffs in connection with the strident recommendations of Kennedy and Anderson that the Plaintiffs retain ownership of the common stock of Clarus Corp. In that regard, the conduct of the Defendants, as alleged herein, constituted violation of the anti-fraud provisions of FIPA as set forth in Section 517.301 thereof.

35. PaineWebber and its predecessor, J. C. BRADFORD, were under an affirmative, continuous duty to exercise effective supervision over Kennedy and Anderson. They failed to do so and accordingly are liable to the Plaintiffs for such failure to effectively supervise Kennedy in accordance with the provisions of FIPA and rules and regulations promulgated thereunder.

36. The damage and losses which the Plaintiffs have sustained are a direct and proximate cause of the foregoing-described wrongful conduct on the part of the Defendants.

WHEREFORE, the Plaintiffs demand judgment against the Defendants and each of them, jointly and severally, for damages, interest, costs and attorneys fees as provided in FIPA.

## COUNT III

### <u>VIOLATIONS OF THE OHIO SECURITIES ACT</u>

37. The Plaintiffs reallege, reaffirm and adopt the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

38. The Defendants violated the provisions of Title 17 of the Ohio Revised Code (the "Ohio Securities Act") by engaging in a course of fraudulent conduct constituted by the making of material misrepresentations of material facts, omissions to state material facts and other devices, schemes and artifices as set forth specifically in this Complaint and such operated as a fraud upon the Plaintiffs in connection with the strident recommendations of Kennedy that the Plaintiffs retain their ownership of the common stock of Clarus Corp. In addition, the Defendants are specifically liable in accordance with the provisions of Section 1707.42 of the Ohio Securities Act in that they acted in the capacity as an advisor to the Plaintiffs with respect to the strident recommendations of Kennedy that the Plaintiffs retain ownership of the common stock of Clarus Corp.

39. The damages and losses which the Plaintiffs have sustained are a direct and proximate cause of the foregoing-described wrongful conduct on the part of the Defendants. Additionally, privity exists between the Plaintiffs and the Defendants.

WHEREFORE, the Plaintiffs demand judgment against the Defendants and each of them, jointly and severally, for damages, interest, costs and other benefits afforded to the Plaintiffs in accordance with the provisions of the Ohio Securities Act, which other benefits may include an award of attorneys fees to the Plaintiffs in such amount as the Court determines fair, reasonable and appropriate.

## COUNT IV

## **COMMON LAW FRAUD**

40. The Plaintiffs reallege, reaffirm and adopt the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

41. The misrepresentations of material fact and the omissions to state material facts as committed by Kennedy and Anderson in connection with their strident recommendations that the Plaintiffs retain ownership of the common stock of Clarus Corp. and which were vicariously committed by PaineWebber and its predecessor, J. C. BRADFORD, were materially false and fraudulent at the time that they were made and such was known by Kennedy and Anderson directly and such knowledge may be imputed vicariously to PaineWebber and its predecessor, J. C. BRADFORD, and all of such Defendants knew or should have known of the falsity and material omissiveness of the misrepresentations and omissions made and committed.

42. The material misrepresentations and omissions to state material facts relating to the strident recommendations made by Kennedy and Anderson to the Plaintiffs that they retain ownership of the common stock of Clarus Corp. were intended by the Defendants to convey a false and misleading impression of the true circumstances surrounding and attributable to the business and financial condition of Clarus Corp. during times material to the allegations made in this Complaint and were made with the intention that Plaintiffs rely on these material misrepresentations and omissions.

43. The conduct of the Defendants in inducing the Plaintiffs to retain ownership of the common stock of Clarus Corp. constituted intentional acts intended to harm the Plaintiffs.

44. PaineWebber and its predecessor, J. C. BRADFORD, were under a duty to effectively supervise and have knowledge of the activities of Kennedy and Anderson in order to prevent their course of conduct which involved the providing of material falsehoods and the commission of material omissions to state material facts.

45. The Plaintiffs justifiably relied upon the material misrepresentations and omissions of Defendants and suffered damages and losses as a direct and proximate result of the foregoing alleged wrongful conduct committed by the Defendants.

WHEREFORE, the Plaintiffs demand judgment against the Defendants and each of them, jointly and severally, for compensatory and other damages in such amount as the Court determines fair, reasonable and adequate, together with interest and costs thereon. Plaintiffs reserve the right to proffer evidence under governing law to support an award of punitive damages.

## COUNT V

## BREACH OF FIDUCIARY DUTY

46. The Plaintiffs reallege, reaffirm and adopt the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

47. The Defendants, in connection with their conduct relating to the strident recommendations that the common stock of Clarus Corp. continue to be owned by the Plaintiffs, were under a fiduciary duty to place the financial interests and well being of the Plaintiffs in a position which was paramount to the financial interests and position of the Defendants in that a fiduciary duty existed between the Defendants and the Plaintiffs. The Defendants violated such fiduciary duty in that their conduct was intended to protect and

preserve the financial interests and well being of the Defendants at the expense of the Plaintiffs.

48. The foregoing conduct by the Defendants constitutes a total breach of such fiduciary duty owing by the Defendants to the Plaintiffs.

WHEREFORE, the Plaintiffs demand judgement against the Defendants, jointly and severally, for compensatory and other damages in such amount as this Court determines fair, reasonable and adequate, together with interest and costs thereon. Plaintiffs reserve the right to proffer evidence under governing law to support an award of punitive damages.

Plaintiffs demand a jury trial on all issues triable as a right by jury.

Respectfully submitted,

| | |
|---|---|
| WILLIAM T. KIRTLEY, P.A.<br>1776 Ringling Boulevard<br>Sarasota, Florida 34236<br>941/366-4222<br>941/366-4007 (FAX)<br>Co-counsel for Plaintiffs<br><br>By_____<br>William T. Kirtley<br>Florida Bar No. 0244457 | CARL J. ROBIE, III Attorney and<br>  Counselor at Law<br>1800 Second Street, Suite 715<br>Sarasota, Florida 34236<br>941/365-2828<br>941/953-9119 (FAX)<br>Co-counsel for Plaintiffs<br><br>By_____<br>Carl J. Robie III<br>Florida Bar No. 0152448 |